CLEVELAND (City), Plaintiff-Appellee, v. GOGOLA, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22807.   Decided June 22, 1953.

Vatro J. Grill, Cleveland, for plaintiff-appellee.

Martin A. McCormack, A. F. Hansen, Cleveland, for defendant-appellee.

## OPINION

Per CURIAM:

The defendant, Joseph Gogola, was charged with being a common beggar, under the provisions of Section 3003 of the Municipal Code of Cleveland, and upon being tried was found guilty by a jury, whereupon sentence was pronounced as provided by law.

Section 3003 of the Municipal Code of Cleveland, insofar as pertinent here reads:

"If any common beggar * * * shall be found in any city, any such person shall be subject to prosecution before the Criminal Branch of the Municipal Court and upon conviction thereof shall be fined * * *. The term, 'common beggar' as used in this section shall not be construed or defined so as to prevent persons that are regularly connected with any charitable institution from soliciting or begging alms for or on behalf of such charitable institution * * *."

The record discloses that two police officers testified that on August 6, 1952, they observed the defendant standing at the northeast corner of the May Company department store on Euclid Avenue, with a white cane in one hand and with the open palm of the other hand extended in front of him They observed him for ten minutes during which time they saw two women and a boy accompanied by a woman. place coins in defendant's open palm, which defendant then deposited in his pocket. The record further shows that the defendant was again arrested as a common beggar on August 21, 1952 which was followed by another arrest for the same offense on December 15, 1952. Evidence was also introduced showing that the defendant was charged and convicted of the same offense on previous occasions.

Defendant, on his own behalf, testified that he did not beg alms when placed under arrest in the case at bar, but merely accepted gifts offered to him by persons who came to know him over a period of years. He also admitted that he had been convicted as a common beggar in 1944 and 1946.

Appellant assigns six grounds of error which may be reduced to three questions as follows:

"1. Is the ordinance of the City of Cleveland, Section 3003 of the Municipal Code, which provides for the punishment

of a common beggar, in conflict with §13408 GC, when applied to a blind person?

"2. Was there admission of evidence prejudicial to the rights of defendant?

"3. Was the verdict of guilty contrary to the manifest weight of the evidence?"

The principal questions of law presented is whether Section 3003 of the Municipal Code is unconstitutional as being in conflict with §13408 GC, which provides as follows:

"Tramps: Whoever, not being a female or blind person and not being in the county in which he usually lives or has his home, begs or asks subsistence by charity and enters a dwelling house or yard or enclosure about a dwelling house, without the permission of the owner or occupant thereof, or does not. when requested, forthwith leave such place, or is found carrying a fire-arm or dangerous weapon, or does or threatens to do injury to the person or property of another, shall be imprisoned in the penitentiary not less than one year nor more than three years. A person, upon view, may apprehend such offender and take him before a justice of the peace or other examining officer, for examination."

**Sec. 3 of Article XVIII of the Ohio Constitution, provides:**

"Municipalities shall have authority to exercise all power of local self-government, and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws."

We have given careful consideration to this question and have arrived at the conclusion that the Municipal Code Section is not in conflict with §13408 GC.

A careful examination of §13408 GC indicates clearly that it applies to "Tramps" which is the title of the section.

In our view the offenses as described are entirely separate and distinct offenses. The only persons embraced within provisions of §13408 GC are **male persons, able to see,** who violate the prohibitory provisions described, **while not in the county where they have a bona fide residence.** It follows, therefore, that the contention of defendant that there is conflict, is untenable because under such a construction of the statute no person, whether male or female, could be prosecuted or punished for being a common beggar within the limits of a county, if such person presented evidence that he or she lived or had a home in such county.

**Sec. 3664 GC,** under the heading "Municipal Corporations, enumeration of power," etc., reads in part as follows:

"To provide for the punishment of * * *. In like manner to provide for the punishment of any vagrant, common street beggar * * *."

We have examined the many cases cited by appellant, based upon the contention that there may not be a conflict between State statutes and Municipal ordinances. With this contention we agree, as in the case of conflict it is fundamental that the state statute must prevail and the municipal ordinance must fail. As indicated, we find no conflict between the State law and the Municipal Code on the issue here presented. Therefore, a discussion of cases bearing on the issue of conflict will serve no useful purpose.

In **Village of Struthers v. Sokol, 108 Oh St 263, syllabus 1** reads:

"Municipalities in Ohio are authorized to adopt local police, sanitary and other similar regulations by virtue of **Section 3 Article XVIII of the Ohio Constitution,** and derive no authority from, and are subject to no limitations of the General Assembly except that such ordinances shall not be in conflict with general laws."

In **Greenburg v. Cleveland, 98 Oh St 282,** where the ordinance prohibiting attempted pocket picking was claimed to be unconstitutional the supreme court in paragraphs 1 and 2 of the syllabus held:

"1. **Section 3 of Article XVIII of the Constitution of Ohio** specifically authorizes municipalities 'to adopt and enforce within their limits, such local police * * * regulations, as are not in conflict with the general laws.'

"2. An ordinance of a municipality, providing that 'Any person who, otherwise than by force and violence, or by putting in fear, attempts to steal and take from the person of another, anything of value, shall be guilty of a misdemeanor * * *' is not in conflict with the general laws of this state, and is a valid and constitutional exercise of local police power conferred upon municipalities by **Section 3 of Article XVIII of the Constitution of Ohio.**"

Donahue, J., in an opinion, speaking for a unanimous court said at page 286:

"There is no statute of this state making it an offense to attempt to steal and take away from the person of another anything of value, otherwise than by force and violence and by putting in fear. That being true, of course, this ordinance does not conflict with the general law of the state and, if there were a statute creating the same offense, it could not be exclusive, even if the general assembly of Ohio in express terms prohibited the municipality from legislating upon the same subject matter."

We have examined the bill of exceptions carefully, with respect to the assignments of error, in respect of the admission of testimony offered by the city, and in the rejection of

testimony offered by the defendant, and in respect of the charge of the court, and we find no error prejudicial to the rights of the defendant.

We do not find that the verdict of the jury is contrary to the weight of the evidence.

There being no other errors prejudicial to the rights of the defendant, the judgment is affirmed. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.